**fUNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 1:25-cv-23404-BB**

**BTL INDUSTRIES, INC.,**

Plaintiff,

**LEXTER MICROELECTRONIC ENGINEERING SYSTEMS S.L., WELLFIT DISTRIBUTORS, INC., WE202 EMS STUDIO – PEMBROKE LLC, ELIZABETH M. CASTILLO, CARMELA CASTILLO, and JUAN A. CASTILLO-PLAZA,**

Defendants.
_________________________________________/

**DEFENDANT LEXTER MICROELECTRONIC ENGINEERING SYSTEMS S.L.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Defendant, Lexter Microelectronic Engineering Systems S.L. ("Lexter" or "Defendant"), hereby files its Answer and Counterclaim to the Complaint filed by Plaintiff, BTL Industries, Inc. ("BTL" or "Plaintiff"), and responds in like numbered paragraph as follows:

**RESPONSE TO GENERAL ALLEGATIONS**

1. Lexter denies that Defendants have infringed any valid patent claim or that they have violated the patent laws of the United States. Lexter admits that this civil action arises out of the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

2. Lexter denies that any invention claimed in the patents-in-suit represent any pioneering invention. Lexter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 2 of the Complaint, and they are therefore denied.

3. Lexter denies that any invention claimed in the patents-in-suit represent any pioneering invention. Lexter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 3 of the Complaint, and they are therefore denied.

4. Lexter admits that it has promoted and sold devices in the United States that use certain non-invasive face contouring devices marketed as "WonderFace." Lexter denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Denied.

6. Denied.

7. Denied.

8. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Complaint, and they are therefore denied.

9. Admitted.

10. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the Complaint, and they are therefore denied.

11. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11 of the Complaint, and they are therefore denied.

12. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12 of the Complaint, and they are therefore denied.

13. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13 of the Complaint, and they are therefore denied.

14. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint, and they are therefore denied.

**RESPONSE TO ALLEGATIONS REGARDING JURISDICTION AND VENUE**

15. Lexter admits this Court has subject matter jurisdiction under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, pursuant to 35 U.S.C. §§ 1331 and 1338. Lexter denies the remaining allegations contained in paragraph 15 of the Complaint.

16. Denied.

17. Lexter admits that the Court has personal jurisdiction over it. Lexter denies the remaining allegations contained in paragraph 17 of the Complaint.

18. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint, and they are therefore denied.

19. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint, and they are therefore denied.

20. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Complaint, and they are therefore denied.

21. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Complaint, and they are therefore denied.

22. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Complaint, and they are therefore denied.

23. Denied.

24. Lexter denies that it or its products have infringed any valid claim of the patents-in-suit. Lexter admits that it sold certain of its products in Florida. Lexter denies the remaining allegations contained in paragraph 24 of the Complaint, if any.

25. Lexter admits that the Court has discretion to exercise personal jurisdiction over it. Lexter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 25 of the Complaint, and they are therefore denied.

26. Lexter admits that the Court has discretion to exercise personal jurisdiction over it. Lexter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 26 of the Complaint, and they are therefore denied.

27. Denied.

## RESPONSE TO BACKGROUND ALLEGATIONS

28. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Complaint, and they are therefore denied.

29. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29 of the Complaint, and they are therefore denied.

30. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30 of the Complaint, and they are therefore denied.

31. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of the Complaint, and they are therefore denied.

32. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of the Complaint, and they are therefore denied.

33. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of the Complaint, and they are therefore denied.

34. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of the Complaint, and they are therefore denied.

35. Lexter denies that the patents-in-suit cover technological innovations. Lexter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 35 of the Complaint, and they are therefore denied.

**RESPONSE TO ALLEGATIONS REGARDING THE ASSERTED PATENTS**

36. Lexter denies that the USPTO "duly and lawfully" issued the '255 patent. Lexter admits that the USPTO issued the '255 patent on June 20, 2023, that it is entitled "Device and Method for Unattended Treatment of a Patient," that the applicant was BTL Medical Technologies A.S., and that Exhibit C appears to be a copy of the patent. Lexter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 36 of the Complaint, and they are therefore denied.

37. Lexter denies that the USPTO "duly and lawfully" issued the '167 patent. Lexter admits that the USPTO issued the '167 patent on January 23, 2024, that it is entitled "Device and Method for Unattended Treatment of a Patient," that the applicant was BTL Medical Technologies A.S., and that Exhibit D appears to be a copy of the patent. Lexter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 37 of the Complaint, and they are therefore denied.

**RESPONSE TO ALLEGATIONS REGARDING "DEFENDANTS' UNLAWFUL CONDUCT"**

38. Lexter admits that it has advertised facial-contouring devices since at least November 9, 2023. Lexter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 38 of the Complaint, and they are therefore denied.

39. Denied.

40. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 40 of the Complaint (because the Parties have not yet engaged in the Court-ordered claim construction proceeding, and the Court has not yet construed the claims of the Asserted Patents), and the allegations are therefore denied. Lexter admits that the Accused Device sold by Lexter implements the same or substantially same technology as the prior art, and that if the technology of the Asserted Patents is the same as the prior art, then the patents are invalid. Moreover, Lexter admits that an invalid claim cannot be infringed.

41. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41 of the Complaint (because the Parties have not yet engaged in the Court-ordered claim construction proceeding, and the Court has not yet construed the claims of the Asserted Patents), and the allegations are therefore denied. Lexter admits that the prior art includes or performs each and every limitation as the Accused Device sold by Lexter, and that if Asserted Patents merely include or perform each and every limitation as the prior art, then the Asserted Patents are invalid. Moreover, Lexter admits that an invalid claim cannot be infringed.

42. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 42 of the Complaint, and they are therefore denied.

43. Admitted.

44. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of the Complaint to the extent it refers to other parties, and they are therefore denied. Lexter denies that it is currently encouraging, promoting, distributing, providing instruction for, or supporting the use of the Accused Devices within the United States. Lexter denies that it has ever known or intended that the Accused Devices or the

use thereof would infringe the Asserted Patents. Lexter admits that if the sale or use of the Accused Devices infringe the Asserted Patents, then the Asserted Patents are invalid. Moreover, Lexter admits that an invalid claim cannot be infringed. Lexter denies any remaining allegations, if any.

45. Lexter admits that Exhibit E appears to be a copy of a prior advertisement of the Accused Devices of Wonder. Lexter denies the remaining allegation contained in paragraph 45 of the Complaint.

46. Lexter admits that it previously sold Accused Devices to WellFit in this District, and that Accused Devices have been offered for sale and sold in this District. Lexter denies that the Accused Devices infringe any valid claim of the Asserted Patents. Moreover, Lexter admits that an invalid claim cannot be infringed. Lexter denies any remaining allegations, if any.

47. To the extent that paragraph 47 of the Complaint refers to websites of the WellFit defendants, Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations. Lexter admits that if the sale or use of the Accused Devices infringe the Asserted Patents, then the Asserted Patents are invalid. Moreover, Lexter admits that an invalid claim cannot be infringed. Lexter denies any remaining allegations, if any.

48. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 48 of the Complaint. To the extend paragraph 48 alleges that the Accused Devices infringe, Lexter admits that if the sale or use of the Accused Devices infringe the Asserted Patents, then the Asserted Patents are invalid. Moreover, Lexter admits that an invalid claim cannot be infringed. Lexter denies any remaining allegations, if any.

49. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 49 of the Complaint, and they are therefore denied.

50. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 50 of the Complaint, and they are therefore denied.

51. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 51 of the Complaint, and they are therefore denied.

52. Lexter admits that the Accused Devices are not BTL devices. Lexter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 52 of the Complaint (because these allegations incorporate claim terms of the Asserted Patents, whereas the Parties have not yet engaged in the Court-ordered claim construction proceeding, and the Court has not yet construed the meaning of the claims of the Asserted Patents), and the allegations are therefore denied. Lexter admits that if the Accused Devices include all limitations of any claim of the Asserted Patents, then that claim is invalid, because the Accused Devices are merely practicing the prior art. Moreover, Lexter admits that an invalid claim cannot be infringed.

53. Lexter lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 53 of the Complaint (because these allegations incorporate claim terms of the Asserted Patents, whereas the Parties have not yet engaged in the Court-ordered claim construction proceeding, and the Court has not yet construed the meaning of the claims of the Asserted Patents), and the allegations are therefore denied. Lexter admits that if the Accused Devices include all limitations of any claim of the Asserted Patents, then that claim is invalid, because the Accused Devices are merely practicing the prior art. Thus, depending on how the Court construes the claim terms of the Asserted Patents, an infringed claim, if any, would be invalid. Moreover, Lexter admits that an invalid claim cannot be infringed.

54. Lexter denies it has violated any FDA regulation. Lexter has applied for FDA clearance and that request remains pending.

**<u>Denial of Count I: Alleged Infringement of U.S. Patent No. 11,679,255</u>**

55. Lexter repeats and re-alleges each and every response above as if fully set forth herein.

56. Admitted.

57. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 57 of the Complaint (because responding to these allegations would require knowledge of the Court's construction of the claim terms of the Asserted Patents, whereas the Parties have not yet engaged in the Court-ordered claim construction proceeding, and the Court has not yet construed the meaning of the claims of the Asserted Patents), and the allegations are therefore denied. Lexter admits that if the Accused Devices include all limitations of any claim of the Asserted Patents, then that claim is invalid, because the Accused Devices are merely practicing the prior art. Thus, depending on how the Court construes the claim terms of the Asserted Patents, an infringed claim, if any, would be invalid. Moreover, Lexter admits that an invalid claim cannot be infringed.

58. Denied.

59. Denied.

60. through 69. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 60 through 69 of the Complaint (because responding to these allegations would require knowledge of the Court's construction of the claim terms of the Asserted Patents, whereas the Parties have not yet engaged in the Court-ordered claim construction proceeding, and the Court has not yet construed the meaning of the claims of the

Asserted Patents), and the allegations are therefore denied. Lexter admits that if the Accused Devices include all limitations of any claim of the Asserted Patents, then that claim is invalid, because the Accused Devices are merely practicing the prior art. Thus, depending on how the Court construes the claim terms of the Asserted Patents, an infringed claim, if any, would be invalid. Moreover, Lexter admits that an invalid claim cannot be infringed.

70. Denied.

71. Denied.

72. Denied.

**Denial of Count II: Alleged Infringement of U.S. Patent No. 11, 878,167**

73. Lexter repeats and re-alleges each and every response above as if fully set forth herein.

74. Admitted.

75. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 75 of the Complaint (because responding to these allegations would require knowledge of the Court's construction of the claim terms of the Asserted Patents, whereas the Parties have not yet engaged in the Court-ordered claim construction proceeding, and the Court has not yet construed the meaning of the claims of the Asserted Patents), and the allegations are therefore denied. Lexter admits that if the Accused Devices include all limitations of any claim of the Asserted Patents, then that claim is invalid, because the Accused Devices are merely practicing the prior art. Thus, depending on how the Court construes the claim terms of the Asserted Patents, an infringed claim, if any, would be invalid. Moreover, Lexter admits that an invalid claim cannot be infringed.

76. Denied.

77. Denied.

78. through 87. Lexter lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 78 through 87 of the Complaint (because responding to these allegations would require knowledge of the Court's construction of the claim terms of the Asserted Patents, whereas the Parties have not yet engaged in the Court-ordered claim construction proceeding, and the Court has not yet construed the meaning of the claims of the Asserted Patents), and the allegations are therefore denied. Lexter admits that if the Accused Devices include all limitations of any claim of the Asserted Patents, then that claim is invalid, because the Accused Devices are merely practicing the prior art. Thus, depending on how the Court construes the claim terms of the Asserted Patents, an infringed claim, if any, would be invalid. Moreover, Lexter admits that an invalid claim cannot be infringed.

88. Denied.

89. Denied.

90. Denied.

91. Any allegation in the Complaint not previously denied or admitted is hereby denied.

## ADDITIONAL DEFENSES

By way of further response, Lexter asserts the following additional defenses to the claims asserted in the Complaint:

92. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

93. One or more claims of the '255 patent are invalid because of failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 282.

94. One or more claims of the ’167 patent are invalid because of failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or 282.

95. BTL’s claims for injunctive relief are barred under the doctrines of laches, waiver, and/or unclean hands.

**LEXTER’S COUNTERCLAIM AGAINST BTL SEEKING DECLARATORY JUDGMENT OF INVALIDITY OF THE ’255 AND ’167 PATENTS**

Lexter Microelectronic Engineering Systems S.L. asserts the following counterclaim against BTL Industries, Inc. under Rule 13(a)(1) of the Federal Rules of Civil Procedure:

96. There is an actual and justiciable controversy between the Parties concerning the validity of the ’255 and 167 patents arising under the Patent Act, 35 U.S.C. § 1, et seq.

97. This Court possesses subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331, 1338, 2201 and 2202 in that this action arises under the patent laws of the United States and an actual controversy exists between the parties.

98. The claims of the ’255 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or 282.

99. The claims of the ’167 patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code, including without limitation the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or 282.

100. To resolve the legal and factual questions raised by BTL and to afford relief from the uncertainty and controversy from which BTL’s accusations have precipitated, Lexter is entitled to a declaratory judgment under 28 U.S.C. § 2201 et. seq. that the claims of the ’255 and ’167 patent are invalid.

**DEMAND FOR JURY TRIAL**

Lexter demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Lexter requests the following relief:

A. That this Court fully and finally dismiss BTL's claims against Lexter and order that BTL take nothing;

B. That this Court enter judgment in favor of Lexter on each of Counts I and II in BTL's Complaint and in favor of Lexter on Lexter's counterclaim;

C. That this Court enter judgment declaring that the '225 and '167 patents are invalid;

D. That this Court enter judgment against BTL and in favor of Lexter that this case is exceptional under 35 U.S.C. § 285 and award Lexer its reasonable attorney's fees, expenses, and prejudgment interest;

E. That this Court award Lexter its costs; and

F. That this Court grant Lexter such other and further relief as the Court deems just and proper.

Respectfully Submitted,

**SMITH, GAMBRELL, & RUSSELL, LLP**

*/s/ Cassandra R. Daum*

Cassandra R. Daum
Smith, Gambrell & Russell, LLP
50 N. Laura Street
Suite 2600
Jacksonville, FL 32202
(904) 598-6167 (telephone)
cdaum@sgrlaw.com
asalane@sgrlaw.com

William F. Long (admitted pro hac vice)
Georgia Bar No. 457490
Smith, Gambrell & Russell, LLP
1105 West Peachtree Street, NE, Suite 1000
Atlanta, Georgia 30309
Phone: (404) 815-3500
Facsimile: (404) 815-3509
Email: blong@sgrlaw.com

***Counsel for Defendant Lexter Microelectronic Engineering Systems S.L.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 5, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

Richard Guerra, Esq.
THE BRICKELL IP GROUP, PLLC
1101 Brickell Ave., South Tower, Ste. 800
Miami, FL 33131
Telephone: 305-728-8831
*rguerra@brickellip.com*

and

Seth R. Ogden, Esq.
*(Admitted Pro Hac Vice)*
PATTERSON INTELLECTUAL PROPERTY LAW, P.C.
1600 Division Street, Ste., 500
Nashville, TN 37203
Telephone: 615-242-2400
*sro@iplawgroup.com*

***Attorneys for Plaintiff, BTL Industries, Inc.***

David Colls, Esq.
BERGER SINGERMAN, LLP
201 East Las Olas Blvd.
Ste. 1500
Fort Lauderdale, FL 33301
Telephone: 954-712-5171
*dcolls@bergersingerman.com*

and

Geoffrey Lottenberg, Esq.
BERGER SINGERMAN, LLP
350 East Las Olas Blvd.
Ste. 1000
Fort Lauderdale, FL 33301
Telephone: 954-712-5158
*glottenberg@bergersingerman.com*

***Attorneys for Defendants, Wellfit Distributors, Inc., WE202 Studio-Pembroke, LLC, Elizabeth M. Castillo, Carmela Castillo, and Juan A. Castillo-Plaza***

/s/ *Cassandra R. Daum*
Attorney